**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | |
| JOHN R. GARRETT, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.    35A04-1405-DR-235 |
| | ) | |
| PENNY L. BROWN, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Everett Goshorn, Special Judge
Cause No.  35D01-0510-DR-1236

**October 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John R. Garrett ("Father") appeals the trial court's order modifying his child support obligation contending, in part, that the trial court abused its discretion in denying his motion for continuance. Penny L. Brown ("Mother"), who appeared before the trial court through the IV-D Prosecutor of Huntington County and in this court through the Office of the Attorney General, concedes that the trial court abused its discretion and requests that this matter be remanded for further proceedings.

Mother filed her petition for modification on March 26, 2014. It was set for hearing on April 24, 2014. On April 21, 2014, Father filed his motion for continuance setting forth that he had only thirteen business days to prepare for the hearing and that he needed additional time to retain counsel and conduct discovery regarding Mother's income. He requested a continuance of forty-two days. The trial court denied the motion.

On appeal, Mother concedes that Father presented good cause for the requested continuance and was prejudiced by the denial of the continuance. We agree. Father's motion for continuance was timely filed, demonstrated good cause, and requested only a short continuance. Without counsel or the discovery which he sought, Father could not prepare for the hearing or conduct a defense to the motion. Accordingly, we vacate the trial court's order of modification and remand for further proceedings.

Vacated and remanded.

BAKER, J., and ROBB, J., concur.